PEASE *v.* WAGNON, trustee.

| 93 | 361 |
| 94 | 386 |
| 93 | 361 |
| s104 | 418 |
| 104 | 431 |
| 105 | 801 |
| 93 | 361 |
| 106 | 666 |
| 93 | 361 |
| 117 | 961 |

1. Under sections 4221–4223 of the code, a judge of the superior court, though acting in vacation and at chambers in passing lawful orders touching trust estates, acts as a court of equity, that court being always open. Hence, the presumptions which attach in favor of judgments and decrees by a court of general jurisdiction apply to orders thus granted.

2. As against a general demurrer to a petition to foreclose a mortgage made by a trustee to secure a debt contracted as trustee, the petition is good in substance as to the authority of the trustee to execute the mortgage, if it alleges that the mortgage was created by virtue of an order of the judge of the superior court of a named circuit, authorizing and empowering the trustee to create the same. As against a special demurrer pointing out that the order should be set forth in terms or attached as an exhibit, the petition would not be good, but it would be amendable and ought to be amended. The court erred in dismissing the petition on general demurrer.

January 8, 1894.

Foreclosure of mortgage. Before Judge BARTLETT. Houston superior court. April term, 1893.

Defendant demurred to the rule *nisi* and moved to dismiss it, upon the grounds that it did not show by what authority the mortgage sought to be foreclosed was created by the trustee, nor did it show the trust estate was liable for the payment of the note which the mortgage was given to secure. Plaintiff amended his declaration, but the demurrer was sustained. The petition alleged that on February 4th, 1885, defendant, trustee for various persons named, made and delivered to Tallman a note for $1,000 and interest, the note to become due five years after date, and in order to secure it defendant made and delivered to Tallman a mortgage upon certain realty described. The petition then set out stipulations in the note and mortgage as to payment of interest, default in such payment, etc., and alleged that interest due on the note was in default and unpaid, and thereby the principal had become due

with accrued interest and attorney's fees, and that the note and mortgage had been transferred in writing by Tallman to petitioner; and prayed that the trustee be required by a certain date to pay into the court the amount due, or that the mortgage be foreclosed. The usual rule *nisi* was issued. The amendment alleged that the mortgage was created by defendant, trustee, by virtue of an order of the judge of the superior court of the Macon circuit, authorizing and empowering the trustee to create the mortgage.

GUSTIN, GUERRY & HALL, for plaintiff. R. W. PATERSON, A. C. RILEY and DESSAU & HODGES, for defendant.

BLECKLEY, Chief Justice.

Although the petition and the rule *nisi* conformed to the general provisions of the code contained in section 3962, prescribing the mode of foreclosing mortgages on real estate, yet as section 2335 declares that trustees are not authorized to create any lien upon the trust estate, except such as are given by law, and as the law, without some preliminary order granted by the proper judge of the superior court in the exercise of his equitable jurisdiction, does not enable any trustee to create a lien by mortgage, some amendment to the petition, as it originally stood, was necessary in order to show that the mortgage sought to be foreclosed was valid and binding upon the trust estate, that mortgage as described in the petition having been executed in 1885, long after the code went into operation. The amendment made to the petition alleged that the mortgage was "created by the said Mary V., trustee, by virtue of an order of the Honorable Thos. J. Simmons, judge of the superior courts of the Macon circuit, authorizing and empowering said trustee to create said mortgage." Certainly this is a very general, vague and meagre averment of the judgment or decree referred to. But the petition as amended

was met by a general demurrer only, and of course this admitted that the averment was true in substance. As Houston county is in the Macon circuit, the judge of that circuit was the proper one to exercise jurisdiction over such a matter, and the appropriate decree made in vacation conferring upon a trustee authority to mortgage the trust property, is usually called an order. The admission made by the demurrer therefore conceded that the mortgage was executed in pursuance of a decree rendered by the judge of the Macon circuit out of term. The superior court, as a court of equity, is one of general jurisdiction, and the code in section 4222 declares that "A court of equity is always open, and hence the judge in vacation and at chambers may receive and act upon such petitions," meaning such as are referred to in the preceding section, which says that "All proceedings *ex parte* or in the execution of the protective powers of chancery over trust estates, or the estates of wards of chancery, may be presented to the court by petition only, and such other proceedings be had therein as the necessity of each cause shall demand." It follows, we think, that the presumptions which attach in favor of judgments and decrees by a court of general jurisdiction, apply to orders like the one alleged by this amendment to have been granted by the judge of the Macon circuit. That such an order could lawfully be granted out of term, see *Weems* v. *Coker*, 70 *Ga.* 746.

We are not to be understood as indorsing the amendment as good pleading in point of form. If the petition as amended had been demurred to specially, pointing out that the order granted by the judge should be set forth in terms or attached as an exhibit, such a demurrer ought to have been sustained, but the petition would have been still further amendable and doubtless the requisite amendment would have been made, had this particular defect been pointed out. The court erred

in dismissing the petition on the demurrer adjudicated upon, which, as applied to the amended petition, was a general demurrer only.          *Judgment reversed.*