## REINHART *v.* BLACKSHEAR.

1. An assignment of error which neither states what, if any, objection was made to evidence alleged to have been illegally admitted, nor undertakes to set forth literally or in substance the evidence referred to, can not be considered by this court.

2. An order passed by a judge of the superior court, whether in term or at chambers, granting an application presented by a trustee for leave to sell property held by him in trust, has all the sanctity which attaches to a formal judgment rendered by a court of general jurisdiction, and accordingly every presumption in favor of its validity is to be indulged.

(a) This being so, it will be presumed, in the absence of any proof to the contrary, that all necessary parties to the proceeding were regularly before the court, or that else such order would not have been passed.

3. Under the evidence submitted in the present case, a finding for the defendant was demanded, and therefore the trial court did not err in directing a verdict in his favor.

Argued October 18, — Decided November 18, 1898.

Complaint for land. Before Judge Hart. Laurens superior court. January 27, 1898.

*J. M. Stubbs, Anderson, Felder & Davis* and *A. Akerman,* for plaintiff. *T. L. Griner* and *J. K. Hines,* for defendant.

FISH, J. 1. The only error assigned in the bill of exceptions now before us is that the trial judge erred in overruling the plaintiff's motion for a new trial. One of the grounds of the motion was as follows: "Because the court erred in admitting in evidence the deed from John T. Duncan, trustee, to

J. J. F. Blackshear, and the petition and order of court upon which the same was based." As will readily be observed, no attempt is made by the movant to state what objection, if any, was made to the admission of the evidence when offered. Consequently we can not deal with this ground; for, as repeatedly ruled by this court, such an omission is fatal. Furthermore, the movant does not undertake to set forth, either literally or in substance, the evidence referred to. This of itself would be a sufficient reason for our declining to consider the alleged error complained of. *Western Union Telegraph Co.* v. *Michelson,* 94 *Ga.* 436; *Pearson* v. *Brown,* infra, 802. We shall therefore pass to the general grounds of the motion, alleging that the verdict returned was contrary to law and the evidence, and opposed to the principles of justice and equity.

2. It appears that on December 29, 1864, the plaintiff's father, under whom she claims, executed a deed of trust for the benefit of his wife and children, whereby the legal title to the premises in dispute passed into John T. Duncan, as trustee. On December 5, 1865, Duncan, as trustee, conveyed the premises to Joseph J. F. Blackshear, under whom the defendant holds through a regular chain of titles. The conveyance last referred to recited that it was executed by the trustee under and by virtue of a decree of the superior court of Laurens county, rendered at the October term, 1895, of that court. The application of the trustee for leave to sell, and the order of court granting the same, were also introduced in evidence in behalf of the defendant. At the time this order was passed the plaintiff was a minor, but whether or not she was served with notice of the proceedings and a guardian ad litem appointed to represent her upon the hearing of the trustee's application to sell, does not affirmatively appear. Certain it is, however, it was neither alleged in the pleadings filed in her behalf in the present case, nor shown by the evidence introduced on the hearing thereof, that in point of fact she was not served, or that she was not duly represented by a guardian ad litem, in the proceeding upon which the order of court above referred to was based. Nevertheless it is contended by counsel for the plaintiff in error, in the brief filed in her behalf, that she is

not bound by this order, for the reason that she was not served and because no guardian ad litem for her was appointed; and the assertion is made that "the record shows this was not done." We can not better meet this contention than by quoting somewhat at length from the opinion recently filed by Lumpkin, P. J., in the case of *Wagnon, trustee, v. Pease,* 104 *Ga.* 417, wherein it was said, in reply to the argument of counsel that, because the record of the proceedings before the chancellor, which had been introduced in evidence, did not show service upon the cestui que trustent, it followed conclusively that they were not in fact served: "If this conclusion of fact necessarily resulted from the premises stated, the particular contention now under consideration would undoubtedly be a good one. But, as will have been observed from the above statement of what this record shows, the real truth of the matter is, that while it does not affirmatively appear that service was in fact duly made, there is absolutely nothing going to show the contrary. In other words, the record is merely silent as to this point. This being so, everything is to be presumed in favor of the validity of the order of court, which, as was ruled [in *Pease* v. *Wagnon,* 93 *Ga.* 361], is to be regarded as having all the sanctity which attaches to a formal judgment rendered by a court of general jurisdiction. It follows, of course, that in the absence of proof showing a failure to serve the parties interested in the proceeding, the presumption would be that every one to be affected thereby was properly before the court, else the order would not have been passed."

3. The order of court upon which the defendant in the present case relied was, apparently, binding and conclusive upon the plaintiff as to the right of her trustee to sell the land in controversy. She neither alleged nor proved the contrary. Accordingly, a finding for the defendant was the only logical result which could have been reached, and the trial court properly directed the jury to return a verdict in his favor.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*