GILMORE *v.* GILMORE, trustee, *et al.*

No. 17509. Argued June 12, 1951—Decided July 10, 1951—Rehearing denied July 24, 1951.

W. C. *McMillan* and *Erwin Sibley*, for plaintiff in error.

*E. W. Jordan* and *E. T. Averett*, contra.

HEAD, Justice. The petition alleges that the applicants were appointed to act as trustees, that they accepted the trust, and have acted as trustees of the estate of John D. Gilmore since the death of Thomas W. Gilmore. A trustee may be named by will. Code, § 108-114. A demurrer admits all properly pleaded allegations in a petition, and they must be considered as true in passing upon the demurrer. Code, § 81-304; *City of Albany* v.

*Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807). The contention that the petitioners do not show any "right in law or equity to the relief prayed" does not raise any question as to the appointment and qualification of the petitioners as trustees of the estate of John D. Gilmore. The demurrer admits that the petitioners are such trustees.

The Code, §§ 37-1301, 37-1303, 37-1304, and 108-408, fully directs the manner and procedure to be followed for sales of property belonging to trust estates. In the present case the trustees have followed the rules of law governing applications for leave to sell trust property. Interested parties were served and a guardian ad litem was appointed for the minor beneficiary, and the guardian ad litem accepted the appointment in writing.

There is no merit in the contention that the land and timber must be sold together. The petitioners were not required to allege the various kinds and quantities of timber. This was a matter of evidence and a question for investigation by the trial judge. Whether or not a private sale of the property should be had would depend on the evidence before the court. *Pease* v. *Wagnon,* 93 *Ga.* 361 (20 S. E. 637); *Reinhart* v. *Blackshear,* 105 *Ga.* 799 (31 S. E. 748).

The construction of the will of John D. Gilmore was not before the trial court, and no order construing the will was entered: The request of counsel for the plaintiff in error (appearing only in the briefs of counsel) for a construction of such will by this court must be denied. Other questions not made by the "objections and demurrers" of the plaintiff in error, but presented for the first time in the briefs of her counsel, can not be considered.

*Judgment affirmed. All the Justices concur.*