THOMAS A. ASKEW, executor, plaintiff in error, *vs.* JOHN A. PATTERSON *et al.*, defendant in error.

1. Ejectment was brought by plaintiffs against defendant for a certain tract of land. The latter had made advances for the benefit of the plaintiffs and of the property now sought to be recovered, and had purchased the land in satisfaction of said indebtedness, at a sale made under the order of the chancellor. This order was attacked by the plaintiffs as illegal :

*Held*, that even if such order was unauthorized, yet the defendant, having purchased the property in good faith, under color of legal proceedceedings, might set up the facts aforesaid by an equitable plea, and claim to be reimbursed before a recovery could be had.

2. Where a trust deed was executed prior to the time when the Code went into effect, but the life tenant did not die until after that date, leaving the remaindermen minors :

*Held*, that the chancellor had authority, at chambers, to appoint a trustee for said minors, and to order a sale of the property.

Ejectment. Trusts. Minors. Equity. Before Judge SCHLEY. Bryan Superior Court. April Term, 1874.

For the facts of this case, see the decision.

GEORGE A. MERCER, for plaintiff in error.

ALFRED B. SMITH, for defendants.

Askew *vs.* Patterson *et al.*

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiffs to recover the possession of a certain described tract of land in Bryan county, known as "Sterling Bluff." The plaintiffs derive their title to the premises in dispute under two deeds, one made by Middleton in June, 1854, to Charles B. Patterson, trustee, conveying said premises to said Patterson, in trust to and for the sole use and separate benefit and behoof of Mrs. Marion E. Patterson, wife of William Patterson, for and during the term of her natural life, and from and after her death, then in trust for the use, benefit and behoof of all and every the child and children of the said Marion E. Patterson and William Patterson, who may be living at the death of the said Marion E., his, her or their heirs and assigns forever. The other deed was executed by Bolan to Charles B. Patterson in July, 1854, conveying the land sued for to said Charles B. Patterson, in trust to and for the sole and separate use of said Marion E. Patterson for and during the term of her natural life, free from the debts and contracts of her husband, William B. Patterson, or any future husband; and from and after the death of the said Marion E., then in trust for such child or children of the said Marion E., the issue of the present or any future marriage, as the said Marion E. may have living at the time of her death. The plaintiffs in the court below were the children of William and Marion E. Patterson. Marion E. died in April, 1865, and William afterwards. Charles B. Patterson, the trustee, died before Marion E. It appears from the evidence in the record that in January, 1866, the judge of the superior court, at chambers, on the application of the children of William and Marion E. Patterson, by their next friend, appointed James G. Patterson as their trustee, with authority to sell and dispose of said lands and reinvest the proceeds thereof. Afterwards, on the 9th of February, 1871, the judge of the superior court, at chambers, on the application of J. G. Patterson, the appointed trustee, and the children of Marion E. Patterson claiming

under said deeds, (those who were infants being represented by their next friend,) granted an order for the sale of the "Sterling Bluff" lands by the trustee theretofore appointed, for the payment of a debt due Philip H. Behn, and to invest the overplus, if any there be, in accordance with the provisions of the deed creating said trust. The land was sold under this decretal order of the judge, and was bid off by Behn, he being the highest and best bidder, at the sum of $5,000 00. J. G. Patterson, the appointed trustee, and Magoffin, who appears from the record to have been the next friend of the infant children, made him a deed to the land so purchased, the trustee accepting the indebtedness of the estate which he represented to Behn, as payment of the purchase money for the land.   The plaintiffs seek to recover the land from Behn's executor or his tenant, on the ground that they have the legal title to it; that on the death of their mother, Marion E., the trust, under the deed, was executed and the legal title to the land was vested in them, and that the judge, at chambers, had no legal authority to appoint a trustee for them after the death of their mother, and order a sale of the land as *trust property*. To the plaintiffs' action the defendant, as the executor of Behn, filed an equitable plea, in which he alleged, that for several years before the death of his testator, the premises sued for were held by the said James G. Patterson, the appointed trustee, as a trust estate, for the common benefit of the plaintiffs, the children of William and Marion E. Patterson, and that said acting trustee and the estate which he represented as such trustee, had become justly indebted to his testator for services rendered and money and supplies furnished by him to said estate, and to said appointed trustee in charge thereof, for the use and benefit of said estate, and of the plaintiffs as the owners thereof, to the amount of $11,150 00; that the property was sold under the order of the judge to liquidate that indebtedness; that he purchased the property at the sale for $5,000 00, and released the balance of his claim of $6,150 for the benefit of said estate and the owners thereof; that the plaintiffs obtained the full benefit of the compromise, and en-

joyed the fruits thereof; that they are insolvent, and have no property of any kind, except the property conveyed to the defendant's testator, as hereinbefore stated. The court refused the defendant's request to charge the jury that he was entitled to set up his equitable defense to the plaintiffs' action, but, on the contrary, charged the jury that he could not do so; and also charged the jury that this case was altogether similar to that of *Milledge vs. Bryan,* and was controlled in all its features by that decision; that the appointment of James G. Patterson, as trustee, was void, and that there was no trust estate for the use of which supplies could have been furnished by defendant's testator; whereupon, the defendant excepted.

1. Assuming, as the argument for the defendant in error does, that the trust was executed on the death of Marion E., the mother of the plaintiffs, and that the legal title to the land vested in them, and that there was no trust estate for which the judge of the superior court, was authorized by law, at chambers, to appoint a trustee, and order a sale of the property as *trust* property, still, if the defendant's testator did actually make advances for the benefit of the plaintiffs, or for the benefit of the estate which they are now seeking to recover, and having purchased the property in good faith, under color of legal proceedings, in satisfaction of such advances, it is equitable and just that he should be reimbursed by the plaintiffs to the extent of the advances so made for their benefit, or for the benefit of their estate, to which they are now seeking to enforce their legal rights. Whether the advances made by the defendant's testator were made for the benefit of the plaintiffs or for the benefit of their property now in controversy, would be questions to be decided at the trial, under the evidence in the case.

2. What we have heretofore said in relation to the right of the defendant to file his equitable plea, has been said on the assumption, as contended for by the defendants in error, that the judge of the superior court had no lawful power or authority, at chambers, to appoint a trustee for the minor children of Marion E. Patterson, in January, 1866, under the

trust deed, and to order a sale of the property, at chambers, in February, 1871, as *trust* property of said minor children. But is it true, in view of the facts of this case and the law applicable thereto, that the judge of the superior court, at chambers, did not have the power and authority to appoint a trustee for the minor children of Mrs. Marion E. Patterson, and order the sale of the property as *trust* property. The property was conveyed *in trust* from and after the death of the said Marion E. for such child or children of the said Marion E., the issue of the present or any future marriage, as the said Marion E. may have living at the time of her death. Marion E., the mother, as the record shows, died in 1865, after the adoption of the Code, leaving her children as remaindermen, who were minors. The 2306th section of the Code declares that "trust estates may be created for the benefit of any female, or *minor* or person *non compos mentis.*" Although the deed of trust in this case was executed prior to the adoption of the Code, the right of the children to the possession of the property under it did not accrue until the death of their mother, in 1865. Until the time of her death, it could not have been known whether she would leave any child or children living at that time, or how many, and therefore the necessity of having a trustee for them did not arise until after the death of their mother. When their right to the possession of the trust property did accrue to them they were minors, and incapable of managing it, and the trust having been created for their benefit, and the trustee appointed by the deed being dead, the judge of the superior court, at chambers, in 1866, did have, in our judgment, the lawful power and authority, under the provisions of the Code, to appoint a trustee to manage it for them during their minority, and to order a sale of the property in 1871. In the case of *Milledge vs. Bryan,* 49 *Georgia Reports,* 397, Mary Milledge died, and the legal estate vested in the children of Catharine Milledge, before the adoption of the Code, and the orders of the judge of the superior court, at chambers, appointing John Milledge trustee for his wife and children,

and directing the execution of the mortgage, were also made before the adoption of the Code, and that constitutes the difference between the facts of that case and the facts of the case now before us. In the case now under consideration, the trust continued so long as the remaindermen under the trust deed were incapable of managing their property in their own right, and hence it was the duty of the judge of the superior court to appoint a trustee, as was done in this case, to manage it for them during their minority. By the provisions of the Code a trust estate may be created for the benefit of a minor, and that being so, there was something for the trustee to do after the death of Marion E., the mother, to-wit: to protect the property of her children during their minority. In our judgment, in view of the facts of this case as disclosed by the record, the court erred in its charge to the jury as set forth therein.

Let the judgment of the court below be reversed.