83   727
104   425
83   727
106   666
83   727
117   961

BOLLES *v.* MUNNERLYN *et al.*, and *vice versa*.

1. When the chancellor authorizes a trustee to mortgage the trust estate, the trustee must comply strictly with the order or decree giving him the authority. When he is simply authorized to borrow a sum of money for a term of years at 8 per cent. per annum by giving his promissory note for the amount payable with interest at 8 per cent. per annum, and by securing the payment of the same by a mortgage upon a certain tract of land, he cannot stipulate in the notes and mortgage to pay interest semi-annually and to pay interest on coupon interest-notes which shall become due and not be paid by him, nor that in default of payment of any of the interest-notes, etc., the whole principal and interest may become due at once and the mortgage be foreclosed at the option of the holder, nor that as trustee he will pay 10 per cent. attorneys' fees in case the notes have to be collected by law.

2. It seems that when a chancellor is applied to by a trustee for authority to incumber the trust property, he should set out in his order all the powers, terms and stipulations which the contract should contain.

3. It is not held that the notes and mortgage are void and that the trust estate is not bound for the principal and 8 per cent. interest thereon. When the term of years has expired and the principal and interest become due, the plaintiff would be entitled to recover the same in a proper proceeding.

4. Where a wife and son join in the petition to the chancellor to authorize the husband and father, the trustee, to make the mortgage, · there is no misjoinder in making them parties to the foreclosure proceeding. They have an interest in the property, and it is proper, though not absolutely necessary, that they should be parties.

5. Where, by the terms· of a marriage settlement made in 1865, half the property included therein must go to the children of the wife, and where she and her husband are still in life, and it is possible that she may have other children, and the one she now has is still a minor and entitled to representation by a trustee under the terms of the settlement, the trust created by the settlement did not become executed on the passage of the act of 1866.

November 18, 1889.

Trusts.   Mortgages.   Parties.   Practice.   Before Judge RONEY.  Burke superior court.  June term, 1889.

Reported in the decision.

LAWSON & CALLAWAY, J. J. JONES & SON and FOSTER & LAMAR, for plaintiff.

J. R. SAUSSY, R. O. LOVETT, P. P. JOHNSTON, T. M.
BERRIEN, H. H. PERRY and BOYKIN WRIGHT, for defend-
ants.

SIMMONS, Justice.

It appears from the record in this case that Annie R.
Munnerlyn, wife of John D. Munnerlyn, and John D.
Munnerlyn, Jr. (son of John D. Munnerlyn, Sr., and An-
nie R. Munnerlyn), by his next friend S. J. Bell, and John
D. Munnerlyn, Sr., trustee for his said wife and son, in Oc-
tober, 1884, petitioned the judge of the superior court
of Burke county for leave to mortgage a certain tract
of land described in said petition, for the sum of $2,500,
with interest at the rate of eight per cent. per annum,
for a term of years; it being alleged in the petition that it
was for the interest of the trust estate to raise said sum
of $2,500 for the better improvement of, and supplying
and carrying on a plantation on, said estate and farm-
ing operations thereon. This petition being presented
to the judge of the superior court, he passed an order
or decree, which recites, among other things, that "Mrs.
Annie R. Munnerlyn, wife of John D. Munnerlyn, Sr.,
John D. Munnerlyn, Jr., by his next friend S. J. Bell,
and John D. Munnerlyn, Sr., trustee of his wife and
son, having this day filed their petition before me, .
. . . showing that, for the better improvement, sup-
plying and carrying on of said plantation and the farm-
ing operations thereon, it becomes necessary for the pe-
titioners to borrow the sum of $2,500, and that they
are advised and believe they can borrow said money at
eight per cent. per annum for a term of years by said
trustee giving his promissory note for said amount pay-
able with interest at eight per cent. per annum, and by
securing the payment of the same by mortgage deed in
and upon a portion of said tract of land (describing);

and said court being satisfied that it would be to the best interest of said trust estate for said amount to be borrowed and a mortgage given as above specified, all parties in interest being before the court, it is hereby ordered and decreed that John D. Munnerlyn, as trustee of his wife and his son, be and he is hereby authorized, as such trustee, to borrow the sum of $2,500 from said George W. Moore & Co. of Hartford, Connecticut, for the use and benefit of said trust estate as hereinbefore specified, he, the said trustee, giving his promissory note as such trustee for the said amount, payable on the—day of——,with interest at eight per cent. per annum; and he, the said trustee, is hereby authorized to make, execute and deliver unto said party or parties lending said money, a mortgage deed in and to the above described tract or portion of land containing 1,070 acres of land more or less, the same to be waiver of homestead."

In pursuance of the authority thus given, Munnerlyn, the trustee borrowed of J. H. Tallman the sum of $2,500, and gave his note payable in five years, to wit, on the 1st day of October, 1889, with interest at the rate of eight per cent. per annum, and to secure said note gave a mortgage on the land described in the petition, for $2,500. The trustee contracted in the note and mortgage that the interest should be payable semi-annually, and signed ten coupon notes for $100 each, for the interest, and that if he failed to pay these interest notes, that he would pay interest on them. He further agreed to pay ten per cent. attorneys' fees in case the notes and mortgage had to be collected by law. He also agreed to pay the taxes and keep the buildings on the premises insured, and should default be made in the prompt payment of either the interest or the principal note, or insurance premiums, as stipulated, or if he should fail to pay any taxes assessed against said

property before the same became delinquent, or to procure and maintain the insurance therein stipulated, then the mortgage might be foreclosed át once at the option of the holder.

It appears that the trustee paid three of the interest notes when they became due, and defaulted in the payment of three others when they fell due; whereupon the holder of the mortgage, the plaintiff in error here, commenced a statutory proceeding to foreclose the same. A rule *nisi* was issued against the trustee and his wife and son, the *cestui que trust*, calling on them to show cause why the mortgage should not be foreclosed, etc. At the trial term of the case they appeared and demurred to the rule *nisi*, on the ground that there was a misjoinder of parties. The defendant filed other defences, denying the legality of the mortgage. The court overruled the demurrer. The plaintiff tendered in evidence the petition and the exhibit thereto, and the decree of the judge authorizing the trustee to execute the mortgage. The defendants objected to the same on the ground that " said judgment and decree were void for want of jurisdiction in the chancellor to grant the same at chambers; the trust in the said marriage settlement being an executed trust, and the estates of the wife and son being legal and not equitable estates, the chancellor at chambers had no jurisdiction to authorize the said trustee to execute the mortgage on said legal estate." This objection was overruled by the court, and the proceedings at chambers were admitted in evidence. The defendants excepted to this judgment, and in the cross-bill of exceptions assigned error therein.

The plaintiff then offered in evidence the original mortgage and notes, and the defendants objected to the admission of the same in evidence, on the grounds that " said mortgage and notes were not in compliance with

the order authorizing the loan and mortgage, in that (1) they provided that the notes and mortgage should become due on default of interest, (2) they provided for the payment of ten per cent. attorneys' fees, (3) they provided for the payment of interest on the interest notes, (4) the interest was made payable semi-annually; and the defendants therefore claimed that said notes and mortgage were not in compliance with said decree and were not admissible." The objections were sustained and the notes and mortgage excluded. The plaintiff introduced no further evidence, and closed. Thereupon the court ordered the case dismissed. Whereupon the plaintiff excepted to said ruling of the court, and assigned the same as error.

1. Was the court right in excluding the notes and mortgage as evidence before the jury? We think he was. Our code declares that trustees in Georgia are not authorized to create any lien on the trust estate except such as given by law. The only way in which the trustee could be authorized to give a mortgage upon this property was by an application to the chancellor, and the power of the chancellor to grant such an order seems to be, from the decisions of this court, an implied power, it having been ruled that the power is implied under that section of the code which authorizes the chancellor to grant a trustee leave to sell trust property. We think, therefore, that when the chancellor exercises this implied power and authorizes a trustee to mortgage the trust estate, the trustee must comply strictly with the order or decree giving him the authority. He has no power or authority to make any other stipulation in the contract than that given him by the decree. Having no authority under the law to make a contract incumbering the trust estate, and the only authority which he has being derived from the decree, it necessarily follows that any agreement or stipulation

which he makes outside of the power given him in the decree is void, and not binding upon the estate. Testing this case by these rules, we must conclude that the trustee went beyond his authority when he stipulated in the notes and mortgage to pay the interest semi-annually, and to pay the interest on the coupon interest which should become due and not paid by him, and when he agreed that in default of the payment of any of the interest notes, or in default of the payment of taxes or insurance, the whole principal and interest might become due at once at the option of the holder, and the mortgage be foreclosed at his option; and that he also exceeded his authority in agreeing for the estate to pay ten per cent. attorneys' fees in case the notes had to be collected by law. We have looked at this petition and the decree of the judge closely, and we can find no authority therein authorizing this trustee to make any such stipulations or agreements. The decree simply authorizes the trustee to borrow $2,500 for a term of years with interest at the rate of eight per cent. per annum, and to waive homestead in the mortgaged property. This is the only power given him by the decree. While the chancellor may have had power to authorize him to make these stipulations and agreements in the notes and mortgage, he did not do so, and it is not clear to us that, if he had been applied to to authorize them, he would have done so. He may have seen it to the interest of the estate to authorize the loan for a term of years, but it is probable that if he had been applied to to authorize the trustee to stipulate that in default of the payment of any of the semi-annual interest notes the whole principal and interest should become due, he would have refused to give such a power. Under such a power the mortgage could have been foreclosed in six months, if the trustee had failed to pay the first instalment of interest.

In the case of Jesup *v.* City Bank of Racine, 14 Wisc. 331, it was held that a resolution of the board of directors of a railroad company, authorizing the president, in general terms, to execute a mortgage upon the road, but not indicating any of its conditions or covenants beyond saying that it was to secure bonds to be issued by the company "running fifteen years, with semi-annual interest," did not authorize the president to insert a stipulation in the mortgage and bonds that the principal sum should become due at the option of the holder, upon default in the payment of the interest. See also Howell *v.* Western R. Co., 94 U. S. 463; Mechem on Agency, §320. So we conclude that the mortgage and notes tendered in evidence were not the papers authorized by the decree, and the court did not err in rejecting them as evidence.

2. We wish to say, as *obiter*, that in our opinion, when a chancellor is applied to by a trustee for authority to incumber the trust property, he should set out in his order all the powers, terms and stipulations which the contract should contain. By doing this he will put the trustee and the other party to the contract upon notice of the exact terms upon which the contract can be made, and thus prevent litigation of this kind.

3. By affirming the judgment of the court below in excluding these notes and this mortgage as evidence, we do not wish to be understood as ruling that they are void, and that the trust estate is not bound for the principal and eight per cent. interest thereon. We think that when the five years have expired, and the principal and interest become due, the plaintiff would be entitled to recover the same in a proper proceeding. These stipulations and agreements which we have seen were made without the authority of the decree will then be nugatory, and we see no reason why the plaintiff should not be allowed to recover the principal and

interest which the trustee was authorized by the decree to borrow from him.

4. The defendants in error excepted to certain rulings of the court, and brought the same up by cross-bill, and the first exception is that there is a misjoinder of parties. The wife and son were made parties to the rule *nisi*, and this is the misjoinder complained of. There was no error in the ruling of the court upon this point. The wife and son joined in the petition to the chancellor to authorize the husband and father, the trustee, to make this mortgage. They have an interest in the property, and it is proper, though not absolutely necessary, that they should be parties to the foreclosure proceeding.

5. Nor do we think there was any error in overruling their objection to the admission of the petition and decree, as complained of in their cross-bill of exceptions. We do not agree with them in their contention that the trust created by the marriage settlement in 1865 became executed on the passage of the act of 1866. We think it is still a valid and subsisting trust. Half of the property, by the terms of the settlement, is to go to the "heirs of the body" of the wife, which, under our code, means her children. She and her husband are still in life, and it may be that she may yet have other children, and the one she now has is still a minor and is entitled to representation by a trustee under the terms of the settlement. *Askew* v. *Patterson*, 53 *Ga.* 209; *Knorr* v. *Raymond*, 73 *Ga.* 749.          *Judgment affirmed.*