### TURNER *v.* BARBER *et al.*

1. A deed to one as trustee for "the heirs of his body," he having three children, all of whom were minors, created a trust estate for such children.
2. A trust estate may be created for minors, and the legal title will not merge into the equitable interest during their minority, so as to vest in them, although the deed does not in terms provide for any duties to be discharged by the trustee.
3. Since the passage of the act of 1876 (Civil Code, § 4987), an order granted at chambers authorizing a trustee for minors to sell the trust

property was not binding on them, where they were not served, although .a guardian ad litem was appointed for them; and a deed made by the trustee in pursuance of such an order did not convey a valid title.

4. The general rule that one must be the owner of property in order to remove a cloud from the title can not be applied so as to defeat a proceeding by minor beneficiaries of a trust, to cancel a deed executed by their trustee without lawful authority. The grantee in such a deed can not retain it and claim under it, and yet defeat an effort to cancel it by setting up an outstanding title in a third person.

5. The evidence was sufficient to authorize the verdict, and none of the rulings of which complaint was made were such as to require a new trial.

6. The rejection of a proposed amendment to an answer of a defendant does not furnish a proper ground of a motion for a new trial. To such a ruling a bill of exceptions pendente lite may be filed, and error assigned thereon when the case is ultimately brought to this court by bill of exceptions; or if the case is brought to this court by bill of exceptions to a final judgment, or to a judgment which would have been final if rendered as the complaining party contends it should have been, and if such bill of exceptions is tendered within the time limited by law after the ruling on the rejection of the amendment, the plaintiff in error may include in such main bill of exceptions an exception to such ruling and an assignment of error thereon.

Submitted April 8,—Decided October 13, 1908.

Equitable petition. Before Judge Martin. Telfair superior court. September 14, 1907.

*DeLacy & Bishop* and *D. M. Roberts & Son,* for plaintiff in error.

*Graham & Graham,* contra.

LUMPKIN, J. Eva A. Barber and others brought an equitable action against Mrs. Julia A. Turner and T. H. Barber, for the purpose of cancelling a deed executed by the latter, as their trustee, to the former, and obtaining an injunction against interference with their possession. On January 13, 1894, the grandmother of the plaintiffs executed to their father, T. H. Barber, a deed to the land in dispute, "in trust for the heirs of his body." At that time T. H. Barber had three children living, all of whom were minors. In 1903 he applied to the judge of the superior court, alleging that by the deed the land had been conveyed to him in trust for the heirs of his body, that he then had three children living who at the date of the filing of the petition were respectively fifteen, twelve, and ten years of age, and that three other children were born to him after the making of such trust deed; "that by

a decree lately rendered in the United States court sitting at Macon, Ga., in a proceeding to which the said J. F. Barber [the grandmother] was a party, the title to said lot of land was adjudged and decreed to be in Norman W. Dodge. Your petitioner further shows that it is desirable and necessary to sell and convey said lot of land, and that a suitable purchaser has been found for the same; but that in order to protect said purchaser against any claim that might hereafter be set up by his heirs against said purchaser for said lot, an order is necessary, your honor, authorizing your petitioner to sell and convey the same." It was further alleged that an agreement had been made between the petitioner and Dodge, whereby the latter agreed "to make a quitclaim deed as to his interest in said lot, upon the payment to him of the balance of the purchase-money due on said lot, when the order herein sought shall have been granted, and the deed from the petitioners to said purchaser shall have been executed and delivered in pursuance of said order." It was prayed that an order be granted authorizing and empowering the trustee to sell and convey the land and to execute a deed therefor. No service was made upon the minors, but a guardian ad litem was appointed. An order was granted at chambers, on May 5th, 1903, by which the trustee was authorized to sell and convey and to execute a deed to the property described in said petition. The defendant, Mrs. Turner, set up various reasons why no decree of cancellation or injunction should be granted. Upon the trial the jury found in favor of the plaintiffs a verdict which is more fully stated below. A motion was made for a new trial, which was overruled, and Mrs. Turner excepted.

1. The first question which arises is as to the estate which was created by the deed from the grandmother to the father of the plaintiffs. It conveyed the land to the latter "as trustee for the heirs of his body." He then had three living children, all of whom were, and still are, minors. The legal effect of the conveyance was to create a trust estate in Barber for the use of his children then living. *Vinson* v. *Vinson*, 33 *Ga.* 454; *Tharp* v. *Yarbrough*, 79 *Ga.* 382 (4 S. E. 915, 11 Am. St. R. 439); *Hollis* v. *Lawton*, 107 *Ga.* 102 (32 S. E. 846, 73 Am. St. R. 114).

2. A trust estate may be created for the benefit of minors. Civil Code, §3149. The fact that the deed does not provide for any specific duties to be discharged or acts to be done by the trus-

tee is not sufficient to cause the legal title to pass at once to minor beneficiaries. In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest. Civil Code, §3157. But minor beneficiaries under a trust deed are not sui juris and capable of taking and managing property in their own right. *Askew* v. *Patterson,* 53 *Ga.* 209 ; *Knorr* v. *Raymond,* 73 *Ga.* 749 (11d) ; *Bolles* v. *Munnerlyn,* 83 *Ga.* 727-734 (10 S. E. 365). This is different from the question with which courts of equity have sometimes dealt as to allowing the sole beneficiary of trust property to have possession of it, as in *Wade* v. *Powell,* 20 *Ga.* 645.

3. Prior to the act of 1876 (Civil Code, §4987) it was held that service on minors personally was not required, upon an application to sell property held in trust for them, but that the appointment of a guardian ad litem and service on him was in accordance with the practice of the courts of equity at the time, and was sufficient. But that act has been held to have wrought a change, and to require service to be made upon the minors. *Morehead* v. *Allen,* 127 *Ga.* 510 (3), 515 (56 S. E. 745), and cit. In the case now before us there was no entry of service upon the minors in the record of the application to sell their trust estate, and the extraneous evidence conclusively shows that there was in fact no service. This being so, the presiding judge could not, by the order which he granted at chambers, authorize the trustee to divest them of their interest. Accordingly the order which was passed did not affect their rights, and the deed made under it did not pass a title to the grantee therein.

4. The rule was invoked, on behalf of the defendant who took the conveyance from the trustee, that only the true owner could cancel a cloud on his title; and it was urged that there was a title superior to that of the trustee or his beneficiaries outstanding in Dodge. The general rule is that one must have a title before he can have a cloud on his title. But this rule has no application to a case where one unlawfully obtains a deed from a trustee as a purchaser from him, holds to such deed as a muniment of his title, and nevertheless resists the effort of the cestuis que trust to have the illegal deed cancelled, by attempting to set up outstanding title in a third person. A purchaser from a trustee can not both hold

fast to the deed as a conveyance to him and at the same time successfully resist an attack upon it by the beneficiaries of the trust, on the ground that some third person has a better title.

It appears that the trustee for the children took a bond for title in his individual name from Dodge, by which the latter agreed to make a quitclaim deed to him as an individual upon the payment of fifty dollars cash and a hundred and fifty dollars in instalments. In connection with the making of the trust deed, Barber, in his individual name, transferred this bond to Turner, the husband of the grantee to whom the deed was made, and he testified that he assumed the indebtedness of Barber to Dodge, and that he gave his purchase to his wife, though no transfer of the bond to her appears to have been made, nor was the balance ever paid to Dodge and a deed taken from him. It was contended that Barber, if he ever held as trustee for the children, ceased to do so upon taking this bond for title in his individual name, and held in his own right. There was ample evidence that he accepted the trust and held the property as trustee, and the deed to the defendant, Mrs. Turner, was an effort to convey the trust estate. If he had sought to claim that he ceased to hold as trustee but continued to hold as an individual under his bond, he could not have thus changed the nature of his holding so as to be adverse to the cestuis que trust. Civil Code, § 3190; *Freeman* v. *Brown,* 115 *Ga.* 31, 32 (41 S. E. 385), and cit.; *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (47 S. E. 639) ; *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (11), 833 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118).

5. The evidence was sufficient to authorize the verdict, and none of the rulings of the presiding judge of which complaint is made require a new trial. The jury found that the deed from Barber, trustee, to Mrs. Turner should be cancelled, and that she should be enjoined from interfering with plaintiffs "under said deed," and the judge entered a decree accordingly, cancelling the deed of the trustee and enjoining Mrs. Turner from interfering with the premises "under said deed, and the title to said premises, to wit [describing them], in so far as the same may be affected by the deed made by said trustee as aforesaid to said Mrs. Turner, is hereby adjudged and decreed to be in the plaintiffs." This would seem to leave open any question as to the rights of the parties which

may grow out of the bond for title and its transfer to Turner, or any title which he may derive from Dodge. But no question is made by any specific assignment of error as to the effect of the verdict and decree on that subject, and we do not decide the point.

6. On October 18, 1906, an amendment to the answer of the defendant was offered and rejected by the judge. The verdict was found on that date, and on the same day a motion for a new trial was made on the general grounds that the verdict was contrary to law and evidence and against the weight of the evidence and the principles of equity and justice. No exception pendente lite was filed to the ruling rejecting the amendment offered. On July 10, 1907, an amendment was made to the motion for a new trial, and in one ground error was assigned on the rejection of the amendment. The motion for a new trial was overruled on September 14, 1907, and the bill of exceptions was certified on October 5, assigning error in the overruling of the motion. Rulings of the presiding judge in regard to the sufficiency of pleadings, and the allowance or the refusal to allow an amendment, should be attacked by exceptions filed pendente lite, with proper assignment of error thereon when the case is finally brought up; or by direct exception, if the bill of exceptions to the final judgment (or judgment which would have been final, if rendered as the complaining party contends it should have been) is tendered within time to make exceptions to the rulings in regard to the pleadings. Such a ruling furnishes no proper ground of a motion for a new trial. *Lowery* v. *Idleson,* 117 *Ga.* 778; (45 S. E. 51) ; *Raleigh R. Co.* v. *Pullman Co.,* 122 *Ga.* 700, 704 (50 S. E. 1008) ; *Daniel* v. *State,* 115 *Ga.* 205 (41 S. E. 695) ; *Central of Ga. Ry. Co.* v. *Trammell & McCowan,* 114 *Ga.* 313 (40 S. E. 259) ; *Bullock & Co.* v. *Cordele Sash, Door and Lumber Co.,* 114 *Ga.* 627 (40 S. E. 734) ; *Johnson* v. *Thrower,* 123 *Ga.* 706 (51 S. E. 636).

We have not discussed each of the grounds of the motion for new trial in detail; but what has been said substantially disposes of them all. Upon a careful consideration of them, there is nothing requiring a new trial.

*Judgment affirmed. All the Justices concur.*