FINCH, guardian, *v.* MILLER *et al.*

No. 9559. DECEMBER 13, 1933.

*William G. McRae,* for plaintiff.
*Howell, Heyman & Bolding,* for defendants.

BECK, P. J.   George G. Finch, as guardian of George G. Finch Jr., brought his petition against Royall J. Miller individually and as trustee of George G. Finch Jr., and alleged that petitioner was the father of George G. Finch Jr., a minor; that Martha M. Finch, deceased, was the mother of said minor; that she died on May 8, 1927, leaving certain life-insurance policies payable to the minor; that defendant Miller collected the proceeds of the policies; that petitioner had been appointed natural guardian of his son, had given bond in the sum of $7500, and had called on the defendant to pay over to petitioner, as such guardian, all sums in his hands that belonged to the minor, and that defendant failed and refused to pay over the same to petitioner.   The defendant filed his answer setting up, in substance, that Martha M. Finch, the mother of the named minor, was the daughter of defendant; that at the time of her death there existed three policies of insurance on her life, in all of which policies Martha M. Finch was named as the insured and Royall J. Miller as trustee for the minor; that the child was but a few years old, and the title to the proceeds of the policies vested in defendant as trustee of George G. Finch Jr., and as such trustee he became obligated to the minor for the proper care and protection of the trust funds; that he had given bond with security, had made annual returns to the court of ordinary, and the trust was being handled in strict accordance with the law; that the trust referred to

was created by the terms of the insurance policies issued on the life of the child's mother; that the language thereof, creating Royall J. Miller as trustee for George G. Finch Jr., was all that was necessary to create an active and effective trust; and that he had no money, property, or effects the title to which was in George G. Finch Jr., or to which his alleged guardian, George G. Finch, was entitled.

At the hearing it was agreed that the fund contended for accrued on policies of insurance on the life of Martha M. Finch; that the policies were payable to Royall J. Miller as trustee of George G. Finch Jr., who was a minor; and that George G. Finch had been appointed guardian and had made bond; and that the Ordinary of Fulton County had issued to him letters of guardianship of the property of George G. Finch Jr. The court rendered judgment denying the prayers of the petition, and the plaintiff excepted.

The court did not err in rendering the judgment excepted to. From the policies of life insurance which had been issued to Martha Finch, the mother of George Finch Jr., it appears that they were expressly made payable to Royall J. Miller as trustee of George Finch Jr., and that George Finch Jr. is a minor. By the words used in the policies it is clear that a trust was created, and Miller was made the trustee. This effected the creation of a valid trust. There was no formal deed executed creating the trust, but the person insured in the policies referred to had the right to direct that the money be paid to the trustee named. See Code, § 2498. "Estates may be created, not for the benefit of the grantee, but for the use of some other person. They are termed trust estates. No formal words are necessary to create such an estate. Whenever a manifest intention is exhibited that another person shall have the benefit of the property, the grantee shall be declared a trustee." Code, § 3728. See, in this connection, *McCreary* v. *Gewinner,* 103 *Ga.* 528 (29 S. E. 960) ; *Peavy* v. *Dure,* 131 *Ga.* 104 (62 S. E. 47) ; *Collins* v. *Collins,* 157 *Ga.* 85 (121 S. E. 218). It was the evident purpose of the insured, the mother of George Finch Jr., that the proceeds of the policies should go into the hands of Royall J. Miller as trustee. It was clearly her intention, by the creation of such a trust, that he should have charge of the proceeds to protect and conserve the same. This was a lawful intention and purpose. While this might not, under some definitions, have been an execu-

tory trust, it was in a sense an executory trust, in that the property was to be preserved and held by the person named as trustee. In *Askew* v. *Patterson,* 53 *Ga.* 209, it was said: "The 2306th section of the Code [of 1873] declares that 'trust estates may be created for the benefit of any female, or minor or person non compos mentis.' Although the deed of trust in this case was executed prior to the adoption of the Code, the right of the children to the possession of the property under it did not accrue until the death of their mother, in 1865. Until the time of her death, it could not have been known whether she would leave any child or children living at that time, or how many, and therefore the necessity of having a trustee for them did not arise until after the death of their mother. When their right to the possession of the trust property did accrue to them, they were minors and incapable of managing it; and the trust having been created for their benefit, and the trustee appointed by the deed being dead, the judge of the superior court at chambers, in 1866, did have, in our judgment, the lawful power and authority, under the provisions of the Code, to appoint a trustee to manage it for them during their minority, and to order a sale of the property in 1871. In the case of *Milledge* v. *Bryan,* 49 *Georgia Reports,* 397, Mary Milledge died, and the legal estate vested in the children of Catharine Milledge, before the adoption of the Code, and the orders of the judge of the superior court at chambers, appointing John Milledge trustee for his wife and children, and directing the execution of the mortgage, were also made before the adoption of the Code; and that constitutes the difference between the facts of that case and the facts of the case now before us. In the case now under consideration, the trust continued so long as the remaindermen under the trust deed were incapable of managing their property in their own right, and hence it was the duty of the judge of the superior court to appoint a trustee, as was done in this case, to manage it for them during their minority. By the provisions of the Code a trust estate may be created for the benefit of a minor; and that being so, there was something for the trustee to do after the death of Marion E., the mother, to wit: to protect the property of her children during their minority."

The plaintiff contends that the trust was executed, as there was nothing for the trustee to do; that title to the property passed to

40

the minor son; and therefore that the right and obligation is imposed upon the plaintiff as guardian to take charge and manage the property. In this connection he lays especial emphasis upon *Bowman* v. *Long,* 26 *Ga.* 142, and *Walker* v. *Watson,* 32 *Ga.* 264. But in both of these cases the instruments under construction were executed prior to the adoption of the Code and of the law of the State which authorizes trust estates for minors. In *Turner* v. *Barber,* 131 *Ga.* 444 (62 S. E. 587), it was held: "A trust estate may be created for minors, and the legal title will not merge into the equitable interest during their minority, so as to vest in them, although the deed does not in terms provide for any duties to be discharged by the trustee." It was further said: "A trust estate may be created for the benefit of minors. Civil Code, § 3149. The fact that the deed does not provide for any specific duties to be discharged or acts to be done by the trustee is not sufficient to cause the legal title to pass at once to minor beneficiaries. In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest. Civil Code, § 3157. But minor beneficiaries under a trust deed are not sui juris and capable of taking and managing property in their own right. *Askew* v. *Patterson,* 53 *Ga.* 209; *Knorr* v. *Raymond,* 73 *Ga.* 749 (11 *d*); *Bolles* v. *Munnerlyn,* 83 *Ga.* 727-734 (10 S. E. 365). This is different from the question with which courts of equity have sometimes dealt as to allowing the sole beneficiary of trust property to have possession of it, as in *Wade* v. *Powell,* 20 *Ga.* 645." We think, in view of the language of the statutes which we have quoted and the decisions made construing them, the court did not err in holding in its judgment that Miller, the trustee, is entitled to hold this property, and that there is no right in the guardian of George Finch Jr. to have the trustee deliver to him the property in question.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*