CARMICHAEL TILE COMPANY *v.* YAARAB TEMPLE BUILDING COMPANY *et al.*

No. 11108. APRIL 16, 1936.

*George B. Rush,* for plaintiff. *William A. Fuller, Colquitt, Mac-Dougald, Troutman & Arkwright, Robert S. Sams,* and *Spalding, Sibley, Troutman & Brock,* for defendants.

GILBERT, Justice. After the decision rendered by this court in *Carmichael Tile Co.* v. *Yaarab Temple Co., 177 Ga. 318 (170 S. E. 294),* the tile company filed an equitable petition against the building company and Carlton W. Binns as trustee, alleging that the building company had by trust deed conveyed described realty and assigned certain subscriptions for the benefit of creditors who had furnished labor or material in the construction of the Shrine Mosque in Atlanta, Ga., by the building company, attacking the deed on various grounds, and seeking to have the subscriptions and any proceeds therefrom impounded by the court, and to set up as a priority its lien under a judgment obtained against the building company as garnishee incident to a suit against C. A. D. Bayley & Co., on a debt arising independently of the construction of the Shrine Mosque. Among other things, it was alleged that the subscriptions provided that "In consideration of . . the undersigned subscribes . . upon the conditions set forth on the reverse side of this card," etc., and that on the reverse side of the card it is stipulated that "The within subscription is subject to the following condition: (1) That the money paid hereunder

shall be used in the erection and construction of auditorium and temple and incidental expenses connected therewith, on the land now owned by Yaarab Temple in the City of Atlanta." It was not disclosed by the record or made a point in issue in the case before this court previously that the subscriptions were made subject to the condition, above set out, as to the restricted use of the funds. The defendants filed a plea of res judicata, and a demurrer thereto was overruled. To the petition as amended the defendants filed a general demurrer which was sustained. The petitioner excepted to both judgments. *Held:*

1. "Estates may be created, not for the benefit of the grantee, but for the use of some other person. They are termed 'trust estates.'" Code of 1933, § 108-101.

2. "No formal words are necessary to create a trust estate. Whenever a manifest intention that another person shall have the benefit of the property is exhibited, the grantee shall be declared a trustee." Code of 1933, § 108-102; 3 Pomeroy's Eq. Jur. 2236, § 1009; 1 Perry on Trusts (6th ed.), 78, § 82.

3. Every kind of valuable property, both real and personal, that can be assigned at law, may be the subject-matter of a trust. 1 Perry on Trusts, 53, § 67.

4. A trust fund may exist notwithstanding that the beneficiaries may not be in existence at the time of its creation or be specifically named. *Huger* v. *Protestant Episcopal Church,* 137 *Ga.* 205 (73 S. E. 385); *Owenby* v. *Georgia Baptist Assembly,* 137 *Ga.* 698 (74 S. E. 56, Ann. Cas. 1913B, 238).

5. Inasmuch as the petition shows that the subscriptions and any proceeds from the sale thereof were made in the nature of a special trust for the exclusive purpose of using the proceeds in the "erection and construction of auditorium and temple and incidental expenses connected therewith," and the creditors furnishing labor and material therefor were the beneficiaries of the fund, and the claim of the petitioner was in a matter totally disconnected therefrom, the subscriptions or proceeds thereof could not in equity be diverted from the original purpose of the trust fund and be used for the satisfaction of the alleged lien of the petitioner. The petition did not set forth a cause of action, and the court did not err in sustaining the general demurrer. Rousseau *v.* Call, 169 N. C. 173 (85 S. E. 414). See also *McCreary* v. *Gewinner,* 103 *Ga.* 528,

534 (29 S. E. 960); *Peavy* v. *Dure,* 131 *Ga.* 104 (62 S. E. 47); *Collins* v. *Collins,* 157 *Ga.* 85 (121 S. E. 218); *Finch* v. *Miller,* 178 *Ga.* 37, 38 (172 S. E. 25); Union Trust Co. *v.* Children's Aid Asso., 77 Ind. App. 575 (134 N. E. 207); Seymour *v.* Freer, 8 Wall. 202, 213, 214 (19 L. ed. 306).

6. It is contended by the plaintiff in error that a novation resulted because the creditors surrendered their liens in exchange for the rights under the deed to the trustee, and that in equity the subscriptions or any proceeds therefrom should be marshaled, and its lien by judgment of garnishment be established as a priority. *Held:*

(*a*)  Under the decision in *Carmichael Tile Co.* v. *Yaarab Temple Co.,* supra, it is the law of the case that the rights of the assignee of the subscriptions or proceeds therefrom are superior to the alleged lien of the garnishing creditor.

(*b*)  The surrendering of their liens was a sufficient consideration for the assignment of the subscriptions under the deed to the trustee for the benefit of the creditors who furnished labor and material for the building.

(*c*)  As to the trust fund the rights of such creditors were paramount to and unaffected by any question of statutory liens.

7. Because of the above rulings it is unnecessary to pass upon the assignment of error on the judgment overruling the general demurrer to the plea of res judicata.

*Judgment affirmed.   All the Justices concur.*