JACKSON *et al.,* trustees, *v.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY *et al.*

No. 11448.   December 4, 1936.   Rehearing denied December 12, 1936.

*Harold Hirsch, Marion Smith, W. B. Cody,* and *Moffat & Sanford,* for plaintiffs in error.

*John F. Handy, J. W. Mason, A. E. Mayer,* and *J. A. Branch,* contra.

Atkinson, Justice.   ■   On February 14, 1912, Joseph F. Gatins executed to the Trust Company of Georgia a deed of trust reserving unto himself a life-estate, and creating certain trusts as to estates in remainder.   Subsequently the charter name of the trustee was changed to Lowry Bank and Trust Company of Georgia, and later by charter amendment the original name was restored.   On July 7, 1926, the trustee resigned, and the Adair Realty and Trust Company was appointed as a successor trustee. On October 31, 1927, the Adair Realty and Trust Company resigned, and Howell E. Jackson and other individuals were appointed as successor trustees.   During the administration of the trustee first named, a loan of $50,000 was obtained from the New England Mutual Life Insurance Company, and was secured by conveyance of the property described in the trust deed, as evidenced by a note and security deed dated January 1, 1924.   Dur-

ing the administration of the second trustee a second loan of $50,000 was obtained from the New England Mutual Life Insurance Company, as evidenced by a note and security deed dated July 7, 1926, conveying the same property as described in the first deed. During the administration of the last set of trustees a third loan in the amount of $25,000 was obtained from the Massachusetts Mutual Life Insurance Company, as evidenced by a promissory note and security deed dated May 5, 1931, conveying the same property. Each of the notes and securities was signed by Joseph F. Gatins and the several trustees who were in commission at the respective dates. On January 1, 1935, Joseph F. Gatins executed a bill of sale to certain personalty as additional security for the several loans. The notes and securities for the first two loans of $50,000 each were assigned by the New England Mutual Life Insurance Company to the Massachusetts Mutual Life Insurance Company. On January 2, 1935, Mrs. Dorothy Gatins Stout, granddaughter of Joseph F. Gatins, who had attained her majority, alleging herself to be a beneficiary of the trust, instituted suit against Joseph F. Gatins, the Massachusetts Mutual Life Insurance Company, and the third set of trustees, praying to cancel the securities as void in so far as they relate to the trust estates created by the trust deed, and for appointment of a receiver. The Massachusetts Mutual Life Insurance Company filed an answer, and by amendment in the nature of a cross-petition sought foreclosure of the several securities. The last-named trustees, being parties defendant in the cross-petition, filed a demurrer to the cross-petition, on the ground of nonjoinder of parties, in that the former trustees were not parties. It was not essential to the interest of the estate for the former trustees to be made parties, that estate being represented by the present trustees, who are the demurrants. In these circumstances the former trustees were not necessary parties, and consequently it was not erroneous to overrule the demurrer to the cross-petition on the ground of nonjoinder of parties.

The trustees last named also filed an answer to the cross-petition. On demurrer the answer was dismissed. The answer attacked the notes and securities for the two loans of $50,000 each, and the third loan of $25,000, as void. These loans were made in pursuance of decrees granted respectively by the superior court

in term time, upon the joint application of Joseph F. Gatins and the trustees, in cases where all the living cestuis que trust were parties, and to which there was no exception. The three cases mentioned were respectively, in the order of time, numbered 57530, 68055, and 88201 in the superior court. In the first case it was alleged, in paragraph 4 of the petition: "Petitioners desire to obtain the loan of a sum of money for the purpose of enlarging, improving, and properly furnishing and equipping the Georgian Terrace Hotel aforesaid, and to secure such sum of money together with the interest thereon by a mortgage or trust deed covering the lands described in the trust deed, . . together with all the rights, members, and appurtenances thereunto belonging, including said Georgian Terrace Hotel." In paragraph 5 it was alleged: "After a careful consideration of all details, and upon mature determination, the judgment of petitioners, and of each thereof, is that the enlargement and improvement of the trust property as hereinbefore set forth are feasible and expedient, that the rents, issues, and profits therefrom will be substantially increased, and that the rents, issues, and profits from the properties thus improved will be relatively larger than now produced." The prayers as amended were: "Wherefore petitioners pray an order and judgment of this honorable court authorizing Lowry Bank & Trust Company of Georgia, as trustee, to join said Joseph F. Gatins in borrowing from time to time, for the purposes aforesaid, sums of money necessary and proper in their joint judgment and discretion, not exceeding, however, the aggregate sum of one hundred thousand ($100,000) dollars, and upon terms and at a rate of interest in their joint discretion and judgment, and payable in whole or by installments in their joint judgment and discretion, with the privilege of renewing such loan or any part thereof at such times and for such periods as they may jointly deem best, and to secure the same, together with the interest thereon, by a mortgage or trust deed covering said trust properties and containing such terms and provisions as they may jointly deem best or proper; and authorizing them to jointly pay commissions for securing such loan and such other expense as they may jointly deem proper, and the expenses of this proceeding, including reasonable attorneys' fees, and to include all thereof in the sum to be secured by the mortgage or trust deed aforesaid; that said trustee

be authorized to secure said loans, or either thereof, by a security deed covering said trust properties, as well as by a mortgage or trust deed as hereinbefore set forth; and that portions of the funds produced by such loans may be employed for the purpose of enlarging or improving the premises on which said Georgian Terrace Hotel is located. Petitioners further pray that this petition be made returnable to the November term of 1923, of this honorable court," etc., including a prayer for general relief. The decree rendered in open court on November 24, 1923, declared: "That the prayers of said petition be and the same are hereby granted, and that Lowry Bank & Trust Company of Georgia, as trustee, as therein set forth, be and it is hereby authorized to join said Joseph F. Gatins in borrowing, for the purposes set forth in said petition as amended, sums of money necessary and proper in their joint judgment and discretion, not exceeding, however, in the aggregate, the sum of one hundred thousand ($100,000) dollars, upon terms and at a rate of interest in their joint discretion and judgment, and payable in whole or by installments in their joint judgment and discretion, with the power and privilege of renewing such loans, or either thereof, or any part thereof, at such times and for such period as they may jointly deem best, and to secure the same, together with interest thereon, by a mortgage or trust deed or security deed covering said trust properties, and containing such terms and provisions as they may jointly deem best or proper; and that the said Joseph F. Gatins and the said trustee be and they are hereby authorized to jointly pay commissions for securing such loans, and such other expenses as they may jointly deem proper, as well as the expenses of this proceeding, including reasonable attorneys' fees, and to include all thereof in the sum to be secured by the mortgage or trust deed or security deed aforesaid."

In the second case instituted by Joseph F. Gatins and the same trustee (the name of which had been changed to Trust Company of Georgia by amendment of its charter) the petition alleged the substance of the record in the first case. Also, that in pursuance of the decree mentioned above the petitioners had borrowed $50,000 from the New England Mutual Life Insurance Company, and executed a security deed conveying the trust properties, and made a report of the expenditure of that amount for the purposes

set forth in the decree, less the balance of $61.18 left in the hands of the trustee. In paragraphs 6, 7, and 8 of the petition it was alleged substantially that for reasons satisfactory to itself the Trust Company of Georgia was unwilling to continue as trustee, and that Joseph F. Gatins, in accordance with paragraph 11 of the original trust deed, had selected Adair Realty and Trust Company to fill the vacancy. In paragraph 9 were stated the names of the children of Joseph F. Gatins in life, the names of his grandchildren, and their residences. The prayers were (1) for a decree confirming the acts of the trustee in borrowing the money and executing the security deed, and for approval of the disbursements; (2) that the resignation of the Trust Company of Georgia as trustee be accepted, and that the appointment of the Adair Realty and Trust Company as successor trustee be confirmed; and "petitioners further pray that this petition be made returnable to the July term, 1926, of this honorable court; that process do issue requiring each of the beneficiaries of the trust . . to be and appear at said term of the court to answer this petition; . . and that such other and further proceedings, orders, and decrees be had and made as are proper in the premises." The decree rendered in open court on July 7, 1926, provided that the prayers of the petition be granted, and specifically that the acts of the Trust Company of Georgia as trustee and Joseph F. Gatins in borrowing the money and securing the loan from the New England Mutual Life Insurance Company, and the report of the trustee as to the expenditures, be confirmed. The decree further provided that the resignation of the Trust Company of Georgia as trustee be accepted, and the appointment of the Adair Realty and Trust Company as trustee to fill the vacancy be confirmed. The decree then proceeded: "It is further ordered, adjudged, and decreed that Adair Realty and Trust Company, successor in trust hereunder, be authorized and empowered to borrow an additional sum of fifty thousand ($50,000) dollars from New England Mutual Life Insurance Company, and to secure the repayment of same by a conveyance of the aforementioned trust properties, which loan, when made, together with fifty thousand ($50,000) dollars loan heretofore made by the Trust Company of Georgia as trustee, will be a full and complete compliance with an order of this court dated November 24, 1923."

In the third case instituted by Benjamin K. Gatins, Howell E. Jackson, and Mary E. Jackson as trustees (appointed as trustees to succeed the Adair Realty and Trust Company as trustee), the petition alleged the execution of the original trust deed by Joseph F. Gatins; that the children of Joseph F. Gatins at that time were Joseph F. Gatins Jr., Benjamin K. Gatins, and Mrs. Howell E. Jackson, formerly Mary Gatins; that since the execution of the trust deed Joseph F. Gatins Jr. has died, leaving as his issue a son, Joseph F. Gatins 3d; that the only other grandchildren of Joseph F. Gatins are Dorothy Gatins and Barbara Hope Gatins, the children of Benjamin K. Gatins; that pursuant to valid orders and decrees passed in proceedings filed in Fulton superior court numbered 57530 and 68055, there have been borrowed from the New England Mutual Life Insurance Company two sums of $50,-000 each; that the first $50,000 was secured by deed as hereinabove fully set forth; that to secure the second $50,000 Joseph F. Gatins and the Adair Realty and Trust Company executed in favor of the New England Mutual Life Insurance Company a security deed; that both of said loans have been transferred to the Massachusetts Mutual Life Insurance Company, which is now the holder thereof with all the rights expressed in the security instruments, the transfers being dated December 31, 1928. In paragraph 7 of the petition it was alleged: "Your petitioners show that Georgian Terrace Hotel, which is located upon the real estate, . . is operated as a modern high-class hotel; and that in order to maintain the standard of excellence which is set by this hotel, and in order to keep the building so furnished and repaired as to enable a continuance of patronage which said hotel now enjoys, it is necessary that the sum of twenty-five thousand ($25,000) dollars be expended for the repairing of said building and for the purchase of furnishings for said building. Your petitioners show that unless this is done, the successful operation of the hotel business which is being carried on in said building will be threatened, and thereby the value of said real estate will be threatened and impaired." In paragraph 9 it was alleged: "Your petitioners show that the time for payment of the two loans for fifty thousand ($50,000) dollars each, hereinbefore referred to, has been extended by Massachusetts Mutual Life Insurance Company. . . Your petitioners show that as one or both of said loans mature, it probably will be de-

sirable for your petitioners to enter into an agreement with Massachusetts Mutual Life Insurance Company for the further extension of the time for the payment of one or both of said loans." The first prayer was for the grant of authority of the trustees "to join the said Joseph F. Gatins in borrowing, for the purposes aforesaid, from the Massachusetts Mutual Life Insurance Company the sum of twenty-five thousand ($25,000) dollars upon such terms and at a rate of interest which, in their joint discretion of renewing such loan deed, or any part thereof, at such times and for such periods as they may jointly deem best, and to secure payment of the same, together with the interest thereon, by a mortgage or security deed covering and conveying the said trust properties, . . said mortgage or security deed to contain such terms and provisions as your petitioners may jointly deem best or proper, and authorizing your petitioners further to jointly pay commissions for securing such loan and such other expenses as they may jointly deem proper, including the expense of these proceedings, as well as a reasonable attorney's fee, and to include all thereof in the sum to be secured by the mortgage or deed of trust aforesaid."

It was provided in the decree rendered in open court on May 5, 1931, that the prayers of the petition be granted; that the trustees "are hereby authorized to join the said Joseph F. Gatins in borrowing, for the purposes set forth in said petition, the sum of twenty-five thousand ($25,000) dollars from the Massachusetts Mutual Life Insurance Company, upon the terms and at a rate of interest which in their joint judgment and discretion is approved, and to secure payment of said loan by the execution of a mortgage or security deed conveying to Massachusetts Mutual Life Insurance Company title to the real estate, . . said mortgage or security deed in favor of Massachusetts Mutual Life Insurance Company to be executed subject to the present loans aggregating the principal sum of one hundred thousand ($100,000) dollars now against said property, and the said Benjamin K. Gatins, Howell E. Jackson, and Mary G. Jackson, as trustees as aforesaid, and the said Joseph F. Gatins be and are hereby authorized to jointly pay commissions for securing such loan and such other expenses as they may jointly deem proper, as well as the expense of these proceedings, including a reasonable attorney's fee, and to include all thereof in the sum to be secured by the mortgage or se-

curity deed as aforesaid." It was further provided that the trustees may join with Joseph F. Gatins in executing an agreement with the Massachusetts Mutual Life Insurance Company for extension of the time of payment of the two $50,000 loans referred to in the petition.

It is declared in the Code: "All equity jurisdiction shall be vested in the superior courts of the several counties." § 37-101. "Generally, equity jurisprudence embraces the same matters of jurisdiction and modes of remedy as were allowed and practiced in England." § 37-124. "Decrees ordinarily bind only parties and their privies; but a pending suit shall be a general notice of an equity or claim to all the world from the time the petition shall be filed and docketed; and if the same shall be duly prosecuted and shall not be collusive, one who purchases pending the suit shall be affected by the decree rendered therein." § 37-117. "Any person who may not sue at law may complain in equity, and every person who is remediless elsewhere may claim the protection and assistance of equity to enforce any right recognized by the law." § 37-1001. It is unnecessary to inquire further into the common law of England adopted in this State as applicable to the instant case, but in this connection see *Beall* v. *Fox,* 4 *Ga.* 403; *Weems* v. *Coker,* 70 *Ga.* 746; *Caldwell* v. *Hill,* 179 *Ga.* 417 (176 S. E. 381, 98 A. L. R. 1124). It is further declared: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. Under the pleadings set forth above, the superior court had equitable jurisdiction of the subject-matter and the parties, and the several decrees rendered in the exercise of such jurisdiction were authorized under the principles of law stated above. They were conclusive upon the last set of trustees who now complain in their answer to the cross-petition in the instant case. The notes and instruments of security now attacked by the answer to the cross-petition were authorized by the decrees, and consequently were not void. It is said that the pleadings in the case number 68055 were insufficient to authorize the part of the decree, which allowed the trustee to join in contracting the second loan of $50,000. But when all the

allegations are considered in connection with the exhibits, it appears that the petition and decree thereon were ancillary and in aid of the former petition and decree in case number 57530, wherein authority was granted to borrow not exceeding $100,000. In this view there is no force to the suggestion that the second loan of $50,000 was unauthorized by the pleadings. It was further urged that the conditional provision in the notes for payment of attorneys' fees in addition to the principal amount of $125,000 was in law principal and unauthorized by the decree. While provisions in a note for payment of attorneys' fees in addition to the principal are deemed to enlarge the principal debt, the broad provisions of the decrees as to the authority of Gatins and the trustees in accomplishing the loans were sufficient to authorize them to include in the notes or security deeds the usual provisions for attorneys' fees. In the light of what has been said, the notes and securities were not void.

The rulings announced in headnotes three to five, inclusive, do not require elaboration.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

A trustee who has been given the power to borrow money and execute notes therefor has incidental authority to include such terms and conditions as are usually contained in such instruments. *Cocke* v. *Bank of Dawson*, 180 *Ga.* 714, 720 (180 S. E. 711). At the time the contracts involved in this case were executed, stipulations to pay attorneys' fees were customarily inserted in notes for borrowed money, the law as to contracts for the payment of attorneys' fees having been changed since the dates of the contracts involved in *Bolles* v. *Munnerlyn*, 83 *Ga.* 727 (10 S. E. 365), and *Wagnon* v. *Pease*, 104 *Ga.* 417 (30 S. E. 895). See Ga. L. 1890-1, p. 221; Ga. L. 1900, p. 53; Code, § 20-506. There is no merit in the contention that the contracts here under consideration were void as to attorneys' fees. A different conclusion is not required by decisions to the effect that for jurisdictional purposes attorneys' fees are considered as principal. Other questions discussed in the motion for a rehearing are sufficiently dealt with in the original opinion.