DAVIE, administrator, *v.* WILLIS *et al.*

No. 12399. OCTOBER 14, 1938.
ADHERED TO ON REHEARING, NOVEMBER 19, DECEMBER 8, 1938.

*Carl N. Davie* and *Helen Douglas Mankin,* for plaintiff.

*Tye, Thomson & Tye* and *Frampton Ellis,* for defendants.

ATKINSON, Presiding Justice. William M. Darby died in 1927, leaving a will which contained the following item: "I direct that my home place shall be kept and held for the use of my family until my youngest child is twenty-one years old; and when said youngest child is twenty-one years old, then said home place, No. 36 Walnut Street, shall go to my said wife and children, share and share alike." He left two minor children, aged respectively thirteen and fourteen years, and the widow. The nominated executor declined to qualify, and the widow qualified as administratrix cum testamento annexo. She filed in Fulton superior court a petition which set forth the above-recited facts, and alleged that a loan was necessary in order to make needed improvements and repairs on the property, and to pay taxes, insurance, street improvements, and attorney's fees for probating the will. She prayed for an order authorizing her as administratrix to borrow one thousand dollars or so much thereof as might be necessary to pay the taxes, insurance, and the necessary repairs. On this petition the judge of the superior court passed a rule nisi requiring the two minors to be served personally with a copy of the petition and order, and that they show cause on March 3, 1928, why the prayers should not be granted. A guardian ad litem was appointed for the minors, and the appointment was accepted. No process was attached to the petition, or prayed for. On a later date, the following order was passed: "The foregoing petition coming on to be heard, and it appearing that the minor children named have been duly served, and that a guardian ad litem has been duly appointed to represent said minors, and that said guardian duly qualified and filed his answer, and it appearing from the petition and the report and answer of the guardian

that the allegations of the petition are true, and that the necessity exists to preserve the property named in the petition by paying certain charges and expenses named in the petition, and as prayed: Ordered and adjudged by the court that Bertha Darby as administratrix with the will annexed of the estate of William Darby be and she is hereby authorized and directed to borrow the sum of one thousand ($1,000) dollars, or so much thereof as may be necessary, and to secure the payment of the same by security deed to and upon the house and lot known as 151 Walnut Street S.W., in the City of Atlanta, according to the present numbering of houses, said house was formerly known as 36 Walnut Street." Other portions of the order gave directions as to the application of the money so borrowed, in line with the prayers of the petition, with two additional items, one relating to an attorney's fee for preparing the application, and the other for the payment of costs of court. The loan was made to the applicant by Georgia Savings Bank & Trust Company, to whom the administratrix conveyed the title to the property. The company brought suit on the notes given for the loan, and obtained judgment against the widow individually and as the administratrix of the estate of Darby. Execution was issued therefor, and the property was sold and purchased by the company for one hundred dollars, and thereafter was conveyed to Emma Willis. In 1938 Frank T. Davie, as administrator cum testamento annexo de bonis non of the estate of William M. Darby, instituted an action against the Georgia Savings Bank & Trust Company and Emma Willis. He alleged the case substantially as above set forth, and prayed for injunction, receiver, and a decree declaring void the deeds referred to above, and that they be canceled; and for general relief. General demurrers by the defendants were sustained.

1. It not appearing from the allegations of the petition whether the order granting the administratrix authority to borrow the money and to secure its payment by deed was a proceeding in term or in chambers, if the order could not have been valid unless granted in term (See *Morehead* v. *Allen,* 131 *Ga.* 807, 63 S. E. 507, *Ethridge* v. *Pitts,* 152 *Ga.* 1, 9, 108 S. E. 543), and in view of the principle that the court should adopt that construction which treats the order as completely legal and not void, this court will presume that the order in question was granted in open court during its regular session in the transaction of term business, and therefore was a pro-

ceeding in term. *Richards* v. *East Tennessee, Virginia, & Georgia Railway Co.,* 106 *Ga.* 614 (6) (33 S. E. 193, 45 L. R. A. 712).

2. Even if the proceedings to borrow money and to secure the same by deed were defective on account of lack of process, this was a mere irregularity and it did not render void the judgment, the guardian ad litem having filed an answer to the application. *Richards* case, supra.

3. Under the authority of the *Richards* decision, supra, *Mc-Gowan* v. *Lufburrow,* 82 *Ga.* 523 (9 S. E. 427, 14 Am. St. R. 178), and *Blake* v. *Black,* 84 *Ga.* 392 (11 S. E. 494), the minor children of the testator were wards in chancery, and the superior court had jurisdiction to grant the order now under attack, and it was binding on the minors. See *Ethridge* v. *Pitts,* supra, and citations, including *Cooney* v. *Walton,* 151 *Ga.* 195 (106 S. E. 167); *Peck* v. *Watson,* 165 *Ga.* 853 (5) (142 S. E. 450, 57 A. L. R. 560).

4. When a court of equity has properly before it the estate of wards of chancery, it may in the exercise of its broad, comprehensive, and plenary jurisdiction, and for the purpose of protecting and preserving the corpus, direct the placing of a loan on their property, the payment of the loan to be secured by deed. Compare *Iverson* v. *Saulsbury,* 68 *Ga.* 790, 801; *Weems* v. *Coker,* 70 *Ga.* 746; *Bolles* v. *Munnerlyn,* 83 *Ga.* 727 (10 S. E. 365); *Pease* v. *Wagnon,* 93 *Ga.* 361 (20 S. E. 637); *Wagnon* v. *Pease,* 104 *Ga.* 417 (30 S. E. 895). The case at bar differs from *Field* v. *Manly,* 185 *Ga.* 464 (195 S. E. 406). That which gave the court jurisdiction in the instant case, to wit, the estate of wards of chancery, was lacking in *Field* v. *Manley.* The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*